### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### S. E. NICHOLS OF OHIO, INC., Respondent.

No. 72–1493.

United States Court of Appeals, Sixth Circuit.

Dec. 27, 1972.

task, the record also discloses that there clearly was substantial evidence to support the findings of the trial examiner and the decision and order of the Board.

 This court does not sit to retry disputed issues of fact or to redetermine issues of credibility of witnesses. Our sole question in such a proceeding as this is to determine whether or not there was substantial evidence on the record taken as a whole to uphold the findings of fact and the order of the National Labor Relations Board. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Enforcement of the Board's order is granted.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Philip Fusco, Director, Cleveland, Ohio, Roger Hartley, Washington, D. C., for petitioner.

James L. Burke, Elmira, N. Y., for respondent.

Before EDWARDS, CELEBREZZE and MILLER, Circuit Judges.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order directing respondent to cease and desist from violation of sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act.

The Board had found that respondent's supervisory personnel had engaged in coercive interrogation of employees concerning union activities and had made promises of benefits to employees and had discharged certain employees for union activities. While the record in this case indicates that much of the evidence was in direct conflict and that the resolution of issues of credibility was far from a simple and easy

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.